**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KAREN HANSEN and CHRISTOPHER
W. HEDRICK,

     Plaintiffs,

vs.                                                                                      No. CIV 09-0424 JB/GBW

CAROLINE CASSAGNOL a/k/a
CAROLINE GOLDMAN a/k/a CAROLINE
CASSAGNOL-GOLDMAN,

     Defendant.

**ORDER**

     **THIS MATTER** comes before the Court on the Defendant's Motion for Default Judgment, filed August 3, 2009 (Doc. 23). The Court held a hearing on February 3, 2010. The primary issue is whether the Court should enter default judgment on Defendant Caroline Cassagnol's counterclaims against Plaintiffs Karen Hansen and Christopher Hedrick because the Plaintiffs failed to timely answer the counterclaims. The Plaintiffs filed their Answer two days after Cassagnol filed the motion. See Plaintiffs' Answer to Defendant's Counterclaims, filed August 5, 2009 (Doc. 24). Because the Plaintiffs have answered the counterclaims, and because the Court favors deciding the case on the merits, the Court will deny the motion.

     "Default judgments are a harsh sanction." In re Rains, 946 F.2d 731, 732 (10th Cir. 1991). Because default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction "purely as a penalty for delays in filing or other procedural error." Id. at 733.

          Strong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been

>halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

In re Rains, 946 F.2d at 732-33 (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970)). The Plaintiffs' counsel has filed an answer to the counterclaims, and the Court cannot reasonably say that the Plaintiffs are an essentially unresponsive party, that the adversary process has been halted, or that Cassagnol faces interminable delay because of the Plaintiffs' actions. Because the Plaintiffs have answered the counterclaims and have otherwise manifested an intent to litigate this case, the Court finds no sound basis to justify granting the motion for default judgment.

**IT IS ORDERED** that the Defendant's Motion for Default Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Randolph B. Felker
Felker Ish Ritchie & Geer PA
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs*

Mark T. Pound
Long, Pound & Komer, PA
Santa Fe, New Mexico

    *Attorneys for the Defendant*